EDWARDS, Judge.
This is an action for a declaratory judgment seeking to have the district court interpret the terms of a contract.
Plaintiff, Haynes, entered into a contract with defendant, Recreation and Park Commission of the Parish of East Baton Rouge (“BREC”). Under the contract, plaintiff was given the right to construct and operate an amusement train at the Baton Rouge Zoo for a period of five years with the option to renew for two successive five year terms. In return, plaintiff was to pay BREC a specified percentage of annual gross sales with a guaranteed annual minimum of $5,000.00. The contract was awarded to Haynes after public bids were taken on the contract.
Haynes filed suit seeking to have the district court interpret Paragraph XXI of the contract, which provides, in pertinent part, as follows:
“Train ride will be priced at $.35 per person. Any future change in price, based on the economy, must be mutually agreed upon by Haynes and Bree.”
Haynes asserted that this clause means that the admission price charged is subject to change based upon the condition of the economy and mutual agreement of himself and BREC.
BREC’s answer to Haynes’ petition asserted that Paragraph XXI of the contract is without legal effect for two reasons. BREC asserted, first, that the clause violates the public bid law for leases, LSA— R.S. 41:1211 et seq. Second, BREC asserted that the clause had no legal effect because it is not certain and there was no meeting of the minds of the parties. Alternatively, BREC maintained that if the disputed provision was enforceable it should be interpreted to base any price changes upon the economy of plaintiff’s operations as distinguished from the national or local economy.
BREC also sought to have the trial court interpret another section of the contract. Paragraph XXIII provides as follows:
“If the premises be abandoned or vacated by Haynes, Bree shall have the right, but not the obligation, to make a new agreement for the remainder of the period covered hereby; and if the money or compensation is not received through such new agreement at least equal to the money or compensation provided for hereunder, Haynes shall pay and satisfy any deficiencies between the amount of money or compensation called for and that received through a new agreement. Nothing herein shall be construed as in any way denying Bree the right, in case of abandonment, vacation of premises, or other breach of this agreement by Haynes, which have not been corrected consistent with Paragraph XXII, to treat the same as an entire breach and at Brec’s option immediately sue for the entire breach of this agreement and any and all damages occasioned Bree thereby. Closing for a period not to exceed thirty (30) consecutive days, between December 1st and March 1st will not be considered *497 abandonment. During any other time of the year closing for more than seven (7) consecutive days, may be considered abandonment.”
BREC asserted that the contract contemplated that Haynes’ train ride would be operated at all reasonable times. It requested a declaratory judgment in its favor declaring that Haynes was obligated under the contract to operate the minature train on the same days which BREC operated its rubber-tired zoo train.
The trial court rendered judgment for plaintiff and held that Paragraph XXI is valid and enforceable and “means any future changes in the prices of the train ride will be made according to changes in the economics of Haynes’ operation.” The trial court rejected BREC’s request for declaratory judgment, holding that Haynes is only required to operate the train in accordance with the requirements of Paragraph XXIII. BREC has appealed the decision of the district court. We affirm.
BREC renews its contention that Paragraph XXI violates the public bid laws. Haynes’ contract with BREC is not a “public work” or “purchase of materials or supplies” as contemplated by LSA-R.S. 38:2212. Furthermore, it is not a pure “lease” of public land as contemplated by LSA-R.S. 41:1211 et seq. As plaintiff points out in brief, it is a franchise type agreement more closely akin to a public utility franchise.
Assuming, arguendo, that the contract is subject to the provisions of LSA-R.S. 41:1211 et seq., we conclude that the disputed provision does not violate that statute. LSA-R.S. 41:1212 authorizes the lease of land on share basis. The trial court noted in its reasons for judgment that the provision in question was included in the bid specifications and “(e)veryone bidding for the right to operate the amusement train was aware that the admission price would be subject to change by mutual agreement based on the economics of the situation.” A change in the price of the train ride does not constitute a change in the consideration (percentage of gross sales) of the agreement. If the provision in question allowed adjustment in the percentage that BREC was to receive, or in the guaranteed minimum, defendants would have a stronger argument. However, the clause in question violates neither the letter nor the spirit of the public bid law.
We also conclude that Paragraph XXI does not have the effect of preventing a meeting of the minds of the parties to the contract. The trial court’s conclusion that there was a meeting of the minds is supported by the testimony of the parties. All of the evidence supports the trial court’s conclusion that both parties envisioned that during the term of the agreement (potentially fifteen years) changes in the admission price would be made, by mutual agreement, if justified by changes in the economics of Haynes’ operation.
Finally, we conclude that the trial court was correct in denying BREC’s request for a declaratory judgment to the effect that Haynes was required to run his train on the same days that the zoo runs its rubber-tired train. Defendant argues that Haynes is obligated under the contract to operate its train at “reasonable times.” BREC asserts that the operation schedule of its own rubber-tired zoo train constitutes “reasonable times.” We reject this reasoning.
Haynes’ contract with BREC contains only one provision, Paragraph XXIII, regarding required operation of the train ride. Paragraph XXIII provides, in pertinent part, as follows:
“Closing for a period not to exceed thirty (30) consecutive days, between December 1st and March 1st will not be considered abandonment. During any other time of the year closing for more than seven (7) consecutive days, may be considered abandonment.”
The trial court correctly concluded that Haynes may operate his train on any days which he chooses as long as he complies with the provisions of Paragraph XXIII. No evidence was presented to show that the parties intended any other restrictions on the time of operation of the train ride.
*498 Furthermore, we note that the evidence establishes a significant difference in Haynes’ train ride and the BREC rubber-tired train. George Felton, Director of the Baton Rouge Zoo, testified that Haynes’ train ride was an amusement ride which travels around the perimeter of the zoo. He distinguished that ride from BREC’s rubber-tired train, which travels within the zoo itself and has a guide who gives a tour of the zoo exhibits. Clearly, the purposes of the two trains are different. Haynes’ train is an amusement ride, whereas the BREC rubber-tired train operates to give an educational tour. Even if we were to hold that Haynes was required to operate his train at “reasonable times” other than the restrictions imposed by Paragraph XXIII, we would not be inclined to conclude that the hours of operation of the BREC train set the standard for reasonableness.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are to be paid by defendant-appellant.
AFFIRMED.